In re Jessie and Marjorie **WAGGONER.**

Bankruptcy No. 93–40375.

United States Bankruptcy Court, E.D. Arkansas, W.D.

Aug. 4, 1993.

Jack Sims, Little Rock, AR, for Jessie and Marjorie Waggoner.

Byron Southern, Little Rock, AR, for Sears.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

This matter is before the Court on the debtors' motion to dismiss Sears and Roebuck & Company's (Sears's) objection to confirmation of the debtors' chapter 13 plan of reorganization. The Court held a hearing on the matter on May 17, 1993.

### I. *Positions of the Parties*

The debtors assert that Sears's objection should be dismissed as untimely. Sears's objection is based on its assertion that the debtors in their plan of reorganization have undervalued Sears's security interest. Sears argues that the objection should be allowed pursuant to Bankruptcy Rule 9006(b)(1) which empowers a bankruptcy court to permit a late filing if the failure to comply with an earlier deadline was the result of excusable neglect.

### II. *Findings of Fact*

The debtors' narrative statement of plan lists Sears as a creditor with a claim of $3,822.72. The debtors' plan lists $1000.00 of the claim as secured and $2,822.72 of this claim as unsecured. Sears's objection filed on April 7, 1993 states that it has a secured claim of $4,298.54.[1]

The parties stipulated to the following:

(1) Feb. 23, 1993—Notice of Commencement of Case mailed—Objections to be

---

1. The Court may take judicial notice of the pleadings filed in a case. *See In re Calder,* 907 F.2d 953, 955 n. 2 (10th Cir.1990) (per curiam); *In re Snider Farms, Inc.,* 83 B.R. 977, 986 (Bankr.N.D.Ind.1988).

filed within 10 days of 1st Meeting of Creditors.

(2) Mar. 24, 1993—1st Meeting of creditors.

(3) Communication between attorneys regarding secured value—no resolution.

(4) Apr. 7, 1993—Objection to Confirmation filed by Sears on 14th day after 1st Meeting.

Issue: (1) Was Objection to Confirmation timely filed?

(2) If not timely, should Court hear Objection to Confirmation?

(a) Did Creditor act reasonably or with excusable neglect?

(b) Will Debtors be prejudiced?

Joint Exhibit No. 1.

On February 23, 1993, the Chapter 13 Trustee provided notice of the deadline in which to file objections to the debtors' plan in the "Notice of Commencement of Cases Under CHAPTER 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" ("Notice of Commencement") form. The Notice of Commencement provided:

> Objections to confirmation must be filed with the Court and served on the Trustee and Debtor on or before the tenth (10th) day after the meeting of creditors takes place. If no objection is timely filed, the plan will be confirmed pursuant to Bankruptcy Rule 3020. If objections are timely filed, a hearing on confirmation will be set by subsequent notice.

Exhibit No. 2.

At the hearing, counsel for Sears testified that her law firm understood from the February 23, 1993 Notice of Commencement that the first meeting of creditors would be held on March 24, 1993, and that the law firm had ten (10) days thereafter to file their objections. Counsel admitted that her law firm knew of the bar date 35 days before it occurred. She stated that she did not attend the first meeting of creditors.

Counsel testified that in computing the time period in which to file an objection, her law firm relied "upon the time line that [they] felt applied, which was Federal Rules of Civil Procedure 6." Finally, counsel for Sears's testified that her primary argument was that she should be allowed an untimely objection based on the "excusable neglect" exception to Bankruptcy Rule 9006 because a late filing in this case would not result in any prejudice, surprise, or undue advantage to the debtor.

The record shows that the order confirming the debtors' plan was filed on April 8, 1993, the day after the untimely objection was filed. The debtors' plan states that the unsecured creditors were to be paid pro rata. Based on the information contained in the debtors' case file, if Sears were to prevail on its objection, the debtors would have to amend their chapter 13 plan to pay the Chapter 13 Trustee approximately $50.00 more per month.

III. *Conclusions of Law*

Initially the Court holds, and it is undisputed, that Sears's objection to confirmation was filed four (4) days late because Sears's counsel in computing the time to file the objection erroneously relied upon Federal Rule of Civil Procedure 6 which provides that in computing any time period less than eleven (11) days, intermediate weekends and legal holidays shall be excluded. Counsel should have applied Bankruptcy Rule 9006 which does not provide for the exclusion of intermediate weekends and legal holidays for any time period less than eight (8) days. Therefore the late filing resulted from mistake of law on the part of Sears's counsel.

Sears's counsel argues, however, that this mistake of law constitutes "excusable neglect." Bankruptcy Rule 9006(b)(1) authorizes courts in bankruptcy proceedings to accept late filings where failure to act is the result of "excusable neglect." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir.1993) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993)). This rule "contemplates that courts are permitted, 'where appropriate to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control.' " *Id.*

■ In a recent chapter 11 bankruptcy case involving a proof of claim bar date, the Supreme Court analyzed the term "excusable neglect" by breaking the phrase down to the individual words of "neglect" and "excusable", and by examining the underlying purpose of this exception.[2] *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993). The Supreme Court stated that "neglect" means " 'to give little attention or respect' to a matter, or closer to the point for [the Court's] purposes, 'to leave undone or unattended to *especially through carelessness.*' " *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)). Neglect, "therefore encompasses both simple faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.*

■ Whether "neglect" is "excusable" is determined by application of four (4) factors. *Id.* —— U.S. at ——, 113 S.Ct. at 1498. These factors are (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* (citing *In re Pioneer Inv. Servs. Co.,* 943 F.2d 673, 677 (6th Cir.1991)).

■ Unlike the *Pioneer* case, in the instant case there is no "neglect" to excuse. There was no failure to give attention or

respect to a matter, nor was there any faultless omissions or omission caused by carelessness. Counsel for Sears testified that her law firm affirmatively chose to follow the wrong rule of procedure. A conscious informed incorrect decision does not constitute "neglect."

Even if the Court found neglectful acts, application of the factors set forth by the Supreme Court in *Pioneer* would not help Sears. Its objection still could not be made timely under the "excusable neglect" exception of Bankruptcy Rule 9006(b)(1).

The allowance of the objection would prejudice the debtor. The plan states that Sears has a secured claim of $1000.00 and an unsecured claim of $2822.72. If Sears's objection were allowed, and if Sears were to prevail, the debtors' plan would have to be amended to reflect Sears's secured claim of $4,298.54.[3] This would result in the debtors having to pay approximately $50.00 more per month to the Chapter 13 Trustee.

■ Moreover, the reason for the untimely objection was a mistake in construing the rules. Under Federal Rule of Civil Procedure 6(b) such mistakes "do not usually constitute 'excusable neglect.'" *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496. This Court can find nothing in the *Pioneer* opinion which precludes this reasoning from being applied to Bankruptcy Rule 9006(b)(1).

There is no evidence that the movant acted in bad faith, and there is no evidence that allowance of the objection would impact on the judicial proceedings.[4] Nonethe-

---

**2.** In *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993), the Supreme Court suggested that the underlying purpose of the "excusable neglect" exception to Bankruptcy Rule 9006 as applied to chapter 11 cases is to grant the bankruptcy court "equitable powers to balance the interest of the affected parties, guided by the overriding goal of ensuring the success of the reorganization." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1495. The Supreme Court did not discuss this reasoning as it applied to chapter 13 cases.

**3.** It should be noted that in *Pioneer,* which was a proof of claim case, the Supreme Court only considered whether the debtor would be prejudiced as a factor in determining the excusability

of neglect of a deadline. In the instant case, which involves an objection to a chapter 13 plan, it is the unsecured creditors who would also be prejudiced if the objection were allowed and if Sears were ultimately successful in its objection because it would lower their pro rata portion of the payments from the plan.

**4.** The Court is aware that 11 U.S.C. § 1330 is applicable to any final order of confirmation. 11 U.S.C. § 1330 states:

**Revocation of an order of confirmation**
(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

less, the balance of the factors results in a holding that the untimely objection to confirmation should not be allowed.

This case is distinguishable from *Pioneer* on another issue. In *Pioneer* the Supreme Court emphasized the importance of the method of notice required in setting a bar date. The Supreme Court stated:

> we .. consider [it] significant that the notice of the bar date provided by the Bankruptcy Court in this case was outside the ordinary course in bankruptcy cases.... ordinarily the bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance.... the 'peculiar and inconspicuous placement of the bar date in a notice regarding a creditors['] meeting,' without any indication of the significance of the bar date, left a 'dramatic ambiguity' in the notification.... we conclude that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'

*Pioneer*, —— U.S. at ——, 113 S.Ct. at 1499–1500 (quoting *In re Pioneer Inv. Servs. Co.*, 943 F.2d 673, 678 (6th Cir.1991) (citations omitted)).

In the instant case, notice was given by the Bankruptcy Court in the ordinary fashion which was accompanied by an explanation of its significance. Counsel testified that her law firm was aware of the objection bar date 35 days before it occurred. There is no evidence of a dramatic ambiguity in the notice of the bar date.

## IV. *Conclusion*

Based on the above reasoning, the Court holds that Sears's objection to the debtors' plan of reorganization is untimely, and that the "excusable neglect" provision of Bankruptcy Rule 9006(b)(1) is not applicable under the facts of this case. The debtors'

In the instant case, however, the objection to confirmation was filed before the order of confirmation. Thus, even if the Court had allowed the objection, section 1330 would not have applied as the objection would have related back

motion to dismiss Sears's objection is granted.

in time to the day before the plan had been confirmed. *See Margraf v. Oliver*, 28 B.R. 420, 423 (Bankr.S.D.Ohio 1983) (court imposed deadline may be extended for "excusable neglect" only if plan has not been confirmed).