In re Raymond WILLIAMS, and Pauline Williams, Debtors.

KALESSE, INC., c/o Nelson Maxwell, Plaintiff,

v.

Raymond WILLIAMS, Defendant.

Bankruptcy No. 94–30925–7. Adv. No. 94/00080.

United States Bankruptcy Court, D. Montana.

Feb. 16, 1995.

Mark DeLapp, Portland, OR, for plaintiff.

Ralph B. Kirscher, Missoula, MT, for debtors.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 16th day of February, 1995.

In this adversary proceeding, the Debtor/Defendant Raymond Williams filed consolidated motions seeking to have the Plaintiff's complaint stricken and dismissed for insuffi-

ciency of service of process, because the summons and complaint were not served upon the Defendant personally as required by F.R.B.P. 7004(b)(9) [1]; for Plaintiff's counsel's failure to be admitted to practice before this Court; and for Plaintiff's failure to obtain local counsel.[2] Both sides have filed memoranda of law which have been considered by the Court, and the matter is now ready for decision.

For the reasons set forth below, the Court agrees that service of process upon the Defendant was insufficient under Rule 7004(b)(9) because the summons and complaint were served only upon the Defendant's counsel and not upon Debtor/Defendant Raymond Williams while the summons was valid. However, the Court nevertheless declines to dismiss the complaint. Instead, the Court exercises its equitable discretion pursuant to F.R.B.P. 9006(b)(1) and enlarges the 120–day time limit for service of the summons and complaint upon the Defendant.

The Debtors filed a voluntary Chapter 7 petition on June 28, 1994, followed shortly thereafter by Statements and Schedules. At Schedule F the Debtors listed the Plaintiff as holding an unsecured judgment claim in the amount of $178,173. The Clerk issued a notice of commencement of case on July 1, 1994, which among other things established a deadline of October 3, 1994, in which to file complaints objecting to discharge of debts and to determine dischargeability of debts.[3] The § 341 meeting of creditors took place on August 17, 1994. The Debtors appeared, and the meeting was adjourned. On September 15, 1994, the Trustee entered a no-asset report.

On September 30, 1994, the Plaintiff filed the instant complaint objecting to the Defendant's discharge under 11 U.S.C. § 727(d), and objecting to the dischargeability of the Plaintiff's judgment debt under 11 U.S.C. § 523(a)(6). The Clerk issued a summons on October 3, 1994. The return of summons was filed October 17, 1994, and shows that the summons and complaint were served upon the Defendant's attorney Ralph B. Kirscher (Kirscher) by mail on October 11, 1994, but was not served upon the Defendant personally.

Nothing further happened in this adversary proceeding until January 19, 1995, when the Clerk issued a notice that since no action had been taken by the Plaintiff, the matter would be dismissed if the Plaintiff did not file an appropriate pleading on or before January 30, 1995. Whereupon the Defendant filed, as Defendant's first pleading in this adversary proceeding, the pending consolidated motions to have the complaint stricken. Defendant argues that the Plaintiff failed to comply with Rule 7004(b)(9) because the summons and complaint were served only upon Defendant's attorney, not upon the Defendant. After ten days following the issuance of the original summons without service upon the Defendant, Defendant argues that another summons must be issued and served as required

---

1. Rule 7004(b)(9) authorizes service by first class mail,

 [u]pon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address. Plaintiff served the summons and complaint upon the Defendant's attorney, but not the Defendant, by mail on October 11, 1994.

2. Since the Defendant's consolidated motions, Plaintiff's out of state counsel has filed a motion for admission to practice before this Court, which was granted; and has also retained local counsel. Mont. LBR 26(a) provides liberal admission of counsel to practice before this Court, and for waiver of the requirement to associate local counsel. Both of those matters being now resolved, Defendant's sole remaining argument is that the complaint be stricken for insufficiency of service of process.

3. This date is crucial because the Plaintiff's complaint was filed within the deadline on September 30, 1994. However, if the Defendant's instant motion is granted and the complaint were stricken, the Plaintiff would be time-barred from filing another complaint by operation of F.R.B.P. 4004(a) and Rule 4007(c). Further, this Court could not enlarge the time under Rule 9006(b)(1) because those rules permit enlargement only to the extent and under the conditions stated therein. F.R.B.P. 9006(b)(3).

by Rule 7004(f).[4] That timely service of the summons and complaint, Defendant correctly argues, was not done.

The Plaintiff hurriedly filed responses to the Defendant's consolidated motions, including a certificate of service filed January 30, 1995, certifying that the summons and complaint were served by mail upon the Debtors on January 25, 1995.[5] Plaintiff's attorney Mark L. DeLapp (DeLapp) contends that with such service "plaintiff's complaint has been properly served upon defendant Raymond Williams.... Accordingly, each of defendant's motions should be denied." DeLapp's statement that the complaint has been properly served is in error, because the record reflects that the summons served upon the Defendant had expired under Rule 7004(f) more than three months earlier.

■ Service of the summons and complaint is governed by F.R.B.P. 7004.[6] This Court has construed pertinent subsections of Rule 7004 in *Fryslie v. Johannsen (In re Johanssen)*, 82 B.R. 547, 5 Mont.B.R. 302 (Bankr.D.Mont.1988), and more recently in *Lasar v. Highland Acres, Inc. (In re Highland Acres, Inc.)*, 13 Mont.B.R. 372, 1994 WL 473357 (Bankr.D.Mont.1994). The applicable 1990 version of Fed.R.Civ.P. 4(j) provides:

**Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice, upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision or (i) or (j)(1).

The Plaintiff served the summons and complaint upon the Defendant's attorney within the ten day period of Rule 7004(f). However, the Plaintiff failed to serve the summons and complaint upon the Defendant within that ten day period. Thus, Plaintiff was not in compliance with Rule 7004(b)(9) which requires service upon both the Debtor and the Debtor's attorney. It was not until January 25, 1995, that the Plaintiff served the Defendant with the summons and complaint by mail. In so doing Plaintiff attempted to resolve the lack of compliance with Rule 7004(b)(9) within the 120–day deadline of Rule 4(j), which expired January 28, 1995. However, by serving the original summons upon the Defendant without obtaining another valid summons, the Plaintiff failed to satisfy Rule 7004(f), which requires service of a summons within ten days of its issuance.

Plaintiff's attorney DeLapp contends proper service has now been accomplished. That argument ignores the ten day limit of Rule

4. Rule 7004. Process; Service of Summons, Complaint.

 \* \* \*· \* \* \*

 **(f) Summons. Time Limit For Service.** If service is made pursuant to Rule 4(d)(1)–(6) F.R.Civ.P. it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

5. The file reflects that no summons was issued after the original issued October 3, 1994. No return of service reflecting such later summons has been filed. Accordingly, the Court must conclude that the summons served upon the Debtors by Plaintiff's counsel on January 25, 1995, was the original summons issued October 3, 1994. Such service took place more than three months after Rule 7004(f) required a new summons to be issued if a summons and complaint are not served within ten days of the issuance of the summons.

6. F.R.B.P. 7004 provides:

 **(a) Summons; Service; Proof of Service.** Rule 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)-(j) F.R.Civ.P. applies in adversary proceedings. Personal service pursuant to Rule 4(d) F.R.Civ.P. may be made by any person not less than 18 years of age who is not a party and the summons may be delivered by the clerk to any such person.

 \* \* \* \* \* \*

 **(g) Effect of Amendment to Rule 4 F.R.Civ.P.** The subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules shall be the subdivisions of Rule 4 F.R.Civ.P. in effect on January 1, 1990, notwithstanding any amendment to Rule 4 F.R.Civ.P. subsequent thereto.

7004(f), and the Court rejects it as inconsistent with the plain language of Rule 7004(f). *Highland Acres,* 13 Mont.B.R. at 373. With that determination, Defendant argues that the complaint and the case should be dismissed for failure to make service within 120 days of the filing of the complaint under Rule 4(j), and that Plaintiff has failed to show good cause why service was not made.

To dismiss the complaint would end permanently Plaintiff's hope of recovery. The periods for filing complaints objecting to discharge under F.R.B.P. 4004(a) and to determine the dischargeability of debt under Fed. R.Civ.P. 4007(c) and 11 U.S.C. § 523(c) have elapsed, and Rule 9006(b)(3) limits enlargement to the conditions stated in those rules. Those conditions include the making of a motion to extend time for filing before the time expired. Plaintiff filed no such motion before the time expired. Thus, refiling of Plaintiff's complaint would be time barred by Rules 4004(a), (b) and 4007(c).

Such a result seems harsh, because the record shows that Defendant's counsel was duly served with the summons and complaint. There is no allegation that the Defendant was not apprised of the lawsuit by counsel. After Defendant filed the instant motion, Plaintiff attempted, albeit unsuccessfully, to effect service on the Defendant before the 120–day time limit. While such service on the Defendant did not comply with the rules because of the expired summons, it seems harsh to bar Plaintiff's suit permanently for such a defect without reaching the merits of the case. Plaintiff certainly prefers an extension of time to effect proper service to dismissal and permanent bar against relief.

A leading commentator provides the following guidance:

> The answer to the problem of defective service is less easy to predict, but judicial notions of fairness provide some guidance as to how it should be approached. The elimination of the marshals from the pro-cess dynamic has increased the possibility that the service of a summons and complaint will be found defective. *The liberality of the Federal Rules of Civil Procedure allows minor defects in service to be overlooked, as long as the defendant has actual notice.*

4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1137, p. 394 (2d ed. 1987) (emphasis added).

Defendant's attorney was timely served with a valid summons and complaint. There is no suggestion that the Defendant did not have actual notice of the complaint when Kirscher was served. The liberality of the rules suggests that the defect in this case may be overlooked.

 Further, this Court has the discretion to enlarge the 120–day deadline of Rule 4(j) under F.R.B.P. 9006(b)(1), which provides:

> (1) **In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rules 9006(b)(2) and (3) do not list Rule 7004 as one in which enlargement of time is limited or not permitted.[7] Thus, this Court has the discretion to enlarge the 120–day period under Rule 4(j) according to Rule 9006(b)(1). *See, Herndon v. De La Cruz (In re De La Cruz),* 176 B.R. 19 (9th Cir. BAP 1994). The United States Supreme Court recently had occasion to construe Rule 9006(b)(1) in *Pioneer Investment Services*

---

7. Enlargement of time is not permitted under certain Bankruptcy Rules enumerated at Rule 9006(b)(2). Enlargement of time is permitted but limited under other Bankruptcy Rules enumerated at Rule 9006(b)(3). Fed.R.Civ.P. 4(j), and Bankruptcy Rule 7004 and its corresponding Bankruptcy Rules 7004(a), (b), and (f) are not among the rules listed in Rule 9006(b)(2) or (b)(3). Therefore, those rules do not limit or prohibit enlargement of the time periods under Fed.R.Civ.P. 4(j) or Bankruptcy Rules 7004(a), (b), and (f). *See,* 9 Lawrence P. King, Collier on Bankruptcy ¶ 9006.01, 1983 Advisory Committee Note, p. 9006–4 (15th ed. 1994).

*Company v. Brunswick Associates Limited Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There, the Court identified a list of factors which should be taken into account in making the equitable determination of whether a party failed to act due to "excusable neglect" under Rule 9006(b)(1), (2). *Id.*, —— U.S. at ——, 113 S.Ct. at 1498. Those include the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

However, the Supreme Court rejected the suggestion that a party should not be held accountable for that party's counsel's mistakes, requiring instead that a party "be held responsible for the acts and omissions of their chosen counsel." *Id.*, —— U.S. at ——, 113 S.Ct. at 1499. With such guidance in mind, I turn to apply the *Pioneer Investment* factors to the facts of this case.

■ To begin, DeLapp's failure to serve the Defendant with a valid summons with the complaint constitutes neglect. Rule 7004(f) clearly calls for service of a summons within ten days of its issuance. However, DeLapp was operating under considerable time pressure, as Defendant's motion was filed shortly before the expiration of the 120–day period. DeLapp obviously felt the pressure to serve the summons and complaint before the time expired. As it happened, service was accomplished January 25, 1995, only about three days before the time expired. DeLapp's office being located in Portland, Oregon, it is questionable whether the Clerk could have issued a valid summons in time for it to be mailed to DeLapp in Portland, and then served upon the Defendant before the time expired. That time pressure weighs in favor of excusing the neglect.

The record suggests no danger of prejudice to the Debtors. There is no hint that the delay in effecting proper service resulted in the disappearance of witnesses or evidence favorable to the Defendant. Such disappearance would not be attributable to the delay in this case, because the 120–day period expired only on or about January 28, 1995. Such short length of the delay favors excusing DeLapp's neglect.

The reason for the delay is that DeLapp failed to request issuance of a valid summons after the original expired on October 13, 1994. The Court suspects that DeLapp erroneously believed first, that service upon Defendant's attorney alone was sufficient, and second, that DeLapp erroneously believed that service of the expired summons upon the Defendant was sufficient.

Thus, the reason for the delay was within the reasonable control of the Plaintiff through Plaintiff's counsel, DeLapp. On the other hand, the Clerk is responsible for the issuance of a new summons. These factors on balance weigh against a finding of excusable neglect.

Finally, the Court finds that the Plaintiff acted in good faith. Proper service was made upon Defendant's attorney, who presumably kept the Debtors apprised of the status of the case. When the defect in service upon the Defendant was brought to DeLapp's attention by Defendant's consolidated motions, DeLapp attempted, albeit unsuccessfully, to accomplish service upon the Defendant before the time expired. This good faith attempt by the Plaintiff contrasts favorably with the plaintiff in *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir.1985), cited by the Defendant in support of dismissal. In *Wei*, dismissal under Rule 4(j) was affirmed in part because Wei did not attempt to serve any of the defendants within the 120–day period. *Id.* Here, the Plaintiff timely effected proper service upon the Defendant's attorney, and timely served the Defendant, although service upon the Defendant did not comply with the rules. Such good faith though unsuccessful attempt to comply with the rules weighs in favor of excusing DeLapp's neglect.

Thus, the *Pioneer Investment* factors weigh both ways. On balance in a close decision, this Court exercises its equitable discretion under Rule 9006(b)(1) by finding that DeLapp's neglect was excusable, and will extend the 120–day period to permit a new summons to be issued and served with the complaint upon the Defendant. This decision does not excuse DeLapp's failure to comply with the rules, and does not relieve the Plaintiff of accountability for the DeLapp's neglect. But, service was made upon

the Defendant's attorney, the Defendant had actual notice of the complaint, and the Plaintiff in good faith attempted to serve the Defendant before the 120–day time period expired. Under these circumstances, the Court deems dismissal of the complaint and the resultant permanent time bar against refiling to be inequitable.

IT IS ORDERED the Defendant's consolidated motions, filed January 23, 1995, are granted in part and denied in part; the service of the summons and complaint upon the Defendant Raymond Williams by the Plaintiff on January 25, 1995, is deemed insufficient; the time period of Fed.R.Civ.P. 4(j) is hereby extended as provided below under this Court's equitable discretion granted by F.R.B.P. 9006(b)(1); the Clerk of Bankruptcy Court shall immediately issue a new summons and transfer it to the Plaintiff's attorney; and the Plaintiff is granted until on or before February 27, 1995, in which to effect proper service of the new summons and complaint upon the Defendant Raymond Williams.