OPINION
GILMAN, Circuit Judge.
Marks Management Services, Inc. (MMS) appeals the order of the district court affirming the bankruptcy court’s grant of summary judgment in favor of Reliant Manufacturing, Inc. Reliant purchased the assets of Genesis Manufacturing, Inc., a supplier of automotive parts, in bankruptcy. MMS had served as the sales agent for Genesis. After the bankruptcy sale, MMS claimed that Reliant owed it sales commissions for the General Motors Corporation’s (GM) contracts that MMS had originally procured for Genesis and were now, with MMS’s alleged assistance, placed with Reliant.
Reliant filed a renewed motion for summary judgment on August 29, 2000. MMS failed to timely respond to the motion. On September 22, 2000, the bankruptcy court entered judgment for Reliant based upon the record before the court, without a hearing, pursuant to Rule 9014-1 of the Local Bankruptcy Rules for the Eastern District of Michigan. MMS appealed the ruling to the district court. The district court affirmed the decision of the bankruptcy court, both on the basis of L.B.R. 9014-1 and on the merits. For the reasons set forth below, we AFFIRM the judgment of the district court.
I. BACKGROUND
Part of Genesis’s business was supplying automotive parts to GM. MMS, as Genesis’s sales agent, received commissions for this business. In October of 1998, Genesis filed a Chapter 11 petition in bankruptcy court. Reliant purchased Genesis’s assets in June of 1999 pursuant to a Sale Order that expressly excluded the purchase orders from GM at issue in this case. The Sale Order also provided that the sale of assets to Reliant was free and clear of all hens, claims, and encumbrances. In July of 1999, GM entered into a supply agreement with Reliant very similar to the earlier agreement with Genesis. MMS contends that it was instrumental in causing GM to enter into this new agreement. Reliant emphatically disputes this contention.
MMS sued Reliant in state court, essentially claiming that Reliant had breached its alleged contract with MMS and that MMS continued to act as sales agent for Reliant on the GM contracts. The case was removed to federal court. On September 22, 2000, based upon the record before it and MMS’s failure to timely respond to Reliant’s renewed motion for summary judgment, the bankruptcy court entered judgment for Reliant pursuant to L.B.R. 9014-1. The district court affirmed the decision of the bankruptcy court, holding that (1) the bankruptcy court had not abused its discretion in granting Reliant’s motion pursuant to L.B.R. 9014-1, and (2) MMS had failed to demonstrate that a genuine issue of material fact existed that would preclude judgment for Reliant. This timely appeal followed.
II. ANALYSIS
A. Standard of review
We review the grant of summary judgment de novo. Sperle v. Mich. Dep’t of Corr., 297 F.3d 483, 490 (6th Cir.2002). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *495 In considering such a motion, the court construes all reasonable factual inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The central issue is “whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
B. The district court properly affirmed the bankruptcy court’s grant of summary judgment in favor of Reliant
The bankruptcy court denied MMS’s motion to extend the time to file a response to the renewed motion for summary judgment and entered judgment for Reliant pursuant to L.B.R. 9014-1, which governs motion procedures. Rule 9014-1 provides in pertinent part as follows:
(b) [A] motion shall be accompanied by ... notice to the respondent that the respondent has 15 days ... after service to file and serve a response ... [I]f such response is not timely filed and served, the Court may grant the motion without a hearing ...
(c) If a response is not timely served, the movant may file a certification so stating together with the proposed order and a copy of the original proof of service of the motion.... The Court may enter the proposed order without a hearing.
On September 19, 2000, 21 days after the renewed motion for summary judgment was filed. Reliant filed a certification pursuant to L.B.R. 9014-l(c). Based upon the record before it, the bankruptcy court entered its judgment for Reliant on September 22, 2000. MMS has put forth the same excuse at all stages of this appeals process for its failure to timely file its response to Reliant’s motion-that an interoffice clerical error by MMS’s attorneys kept the deadline from being placed on their calendar. According to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.
when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
The district court concluded that the bankruptcy court did not abuse its discretion in denying MMS’s motion to extend the time to file a response. A clerical error on the part of MMS’s attorneys was held not to constitute excusable neglect under Rule 9006(b)(1).
In affirming the bankruptcy court’s grant of summary judgment to Reliant, the district court reviewed the entire record before it de novo. The district court’s analysis of the merits largely revolved around a discussion of In re AutoStyle Plastics, Inc., 227 B.R. 797, 801 (Bankr. W.D.Mich.1998), and MMS’s efforts to distinguish the facts of that case from those presented here. In AutoStyle, the company’s assets were sold through the bankruptcy court, free and clear of all claims, to Venture Industries Corporation. GM canceled its purchase orders to AutoStyle and issued new ones to Venture that were essentially the same as the previous orders. Car-Tec, Inc., AutoStyle’s sales representative, sued Venture, alleging that there had been an implied assumption of AutoStyle’s GM purchase orders and the sales-representation agreement by Venture.
*496 In granting Venture’s motion for summary judgment, the bankruptcy court held that Car-Tec should have objected to the bankruptcy court’s Sale Order if it had wanted to contest the “free and clear” terms of the sale. The bankruptcy court concluded that Car-Tec could not collaterally attack that Sale Order by suing Venture after the fact. After analyzing the arguments and factual contentions of both MMS and Reliant, the district court in the present case concluded that, as in AutoStyle, the Sale Order provided Reliant with Genesis’s assets free and clear of all claims and specifically excluded the GM purchase orders from the sale. We find no fault with the district court’s analysis.
At oral argument, MMS focused on its contention that, regardless of the failure of MMS and Reliant to formally agree to terms, MMS employees had performed valuable services for Reliant after the sale of Genesis’s assets that were key to Reliant obtaining the GM contracts. MMS alleges that its recovery should be based on theories of unjust enrichment or promissory estoppel. We find this argument to be unpersuasive. To start with, MMS has failed to demonstrate how this evidence is even admissible in light of the bankruptcy court’s Order Sanctioning Plaintiff for Violating Order Compelling Answers to Defendant’s First Set of Interrogatories dated September 22, 2000. That order held that “MMS is barred from introducing into evidence MMS’ alleged contacts with manufacturers on behalf of Reliant.” MMS has not appealed that order and has put forth no reason why we should ignore a valid order of the bankruptcy court.
In addition, the theories espoused by MMS require that either some promise was made by Reliant upon which MMS reasonably relied or that Reliant was aware that it had received a benefit at the expense of MMS. APJ Assocs., Inc. v. N. Am. Philips Corp., 317 F.3d 610, 617 (6th Cir.2003) (“Promissory estoppel arises in equity when (1) there is a promise (2) that the promisor should have reasonably expected to induce action.... ”). MMS presented no evidence to suggest that Reliant had any knowledge that it had received a benefit from MMS or that Reliant had a made a promise to MMS upon which MMS might have reasonably relied. A fair characterization of the evidence submitted is that MMS was doing its best to convince Reliant that MMS’s knowledge and contacts would be of benefit to Reliant, all in the hope of becoming its sales agent. This falls far short of raising a genuine issue of material fact as to whether MMS had a viable basis to recover on the theories of either unjust enrichment or promissory estoppel.
The district court found upon a thorough review of the record that there was no factual support for any of MMS’s claims. MMS has provided us with no persuasive reason to disturb that finding. Finally, MMS has raised two additional arguments for the first time on appeal. One is MMS’s contention that GM consented to a transfer of its purchase orders to Reliant, thus removing them from the exclusion contained in the Sale Order. The other is that the Michigan Sales Representative Act requires Reliant to pay commissions to MMS because MMS had procured similar purchase orders for Genesis. Mich. Comp. Laws 600.2961 (governing payment of commissions between principals and sales representatives).
We find these arguments unpersuasive. Moreover, the general rule is that “[ijssues not presented to the district court but raised for the first time on appeal are not properly before the court.” J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1488 (6th Cir. *497 1991). We find no reason not to follow the general rule in this case.
III. CONCLUSION
For all of the reasons set forth above, we AFFIRM the judgment of the district court.