NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0773n.06

No. 14-3144

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 10, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICKAEL WAMEN, et al. | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| GOODYEAR TIRE & RUBBER CO., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     GUY, ROGERS and DONALD, Circuit Judges.

ROGERS, Circuit Judge.   Plaintiffs, Mickael Wamen and Comite d'Establissement d'Amiens Nord ("Works Council"), appeal from the district court's grant of defendant Goodyear Tire and Rubber Company's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Plaintiffs allege that from 2009 to 2013, defendant Goodyear Tire and Rubber Company ("Goodyear") engaged in a series of concealed, unlawful restructuring activities designed to undermine, and ultimately interfere with, an employee bonus agreement entered into between Goodyear France and the Works Council.  The plaintiffs allege approximately $4,000,000 in damages from lost bonus payments as a result of Goodyear's instructions to Goodyear France to reduce tire production at the Amiens North Factory and Goodyear's decision to relocate its tire production to other Goodyear factories in Europe.  Plaintiffs sought relief in district court, alleging direct and imputed breach of contract, tortious interference with contract and business

relations, and fraud claims. The district court granted Goodyear's motion to dismiss in a careful and well-analyzed opinion that addresses the arguments that plaintiffs now raise on appeal. *Wamen v. Goodyear Tire & Rubber Co.*, No. 5:13CV1084, 2014 U.S. Dist. LEXIS 5148 (N.D. Ohio Jan. 15, 2014).

The reasons given in the district court's opinion dispose of plaintiffs' arguments on appeal. Because the reasons why plaintiffs' claims should be dismissed have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

The only issue the district court did not directly address in its opinion is the plaintiffs' contention that Goodyear's bad faith and illegal conduct violated the doctrine of frustration of purpose. However, because the plaintiffs did not present that claim below, we need not reach its merit now. "[I]ssues not presented to the district court but raised for the first time on appeal are not properly before the court." *Marks Mgmt. Servs., Inc. v. Reliant Mfg., Inc.*, 74 F. App'x 493, 496−97 (6th Cir. 2003) (internal citation omitted).

The judgment of the district court is affirmed.