## In re FREIGHTWAY CORPORATION.

### Bankruptcy No. 92–33917.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 19, 1994.

Joe D. Sutton, Asst. Atty. Gen., Lansing, MI.

C. Drew Griffith, Toledo, OH.

**OPINION AND ORDER SUSTAINING OBJECTION TO AMENDED PRIORITY PROOF OF CLAIM AND AMENDED SECURED PROOF OF CLAIM OF THE STATE OF MICHIGAN**

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Freightway Corporation's (the "DIP") objec-tion to the State of Michigan, Department of Treasury, Revenue Division's (the "State") amended priority proof of claim and amended secured proof of claim. The Court finds that the DIP's objection is well taken and should be sustained.

### FACTS

The State filed a secured proof of claim and a priority proof of claim in the DIP's bankruptcy case on March 8, 1993 (collective-ly the "Claims").

The DIP filed an objection to the Claims on July 16, 1993 (the "Objection").

At a pretrial conference on August 18, 1993, the Court sustained the Objection. Subsequently, on August 23, 1993, the Court entered an order denying the Claims (the "Order").

To date, the State has neither appealed nor sought relief in this Court from the Order.

On June 6, 1994, the State filed an amend-ed secured proof of claim and an amended priority proof of claim (the "Amended Claims"). The items asserted in the Amend-ed Claims are the same as the items asserted in the previously denied Claims in all materi-al respects.

### DISCUSSION

The Court finds that the Order is res judicata as to the Amended Claims. *See DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 993, 996–97 (S.D.N.Y. 1992) (creditor barred from reasserting through proof of claim process claims which had previously been resolved against creditor in adversary proceeding under Federal Rules 56 and 12(b)(6)). The Order represented an adjudication on the merits. Therefore, the State is barred from relitigating its secured claim and its priority claim by res judicata.

Moreover, even if the Amended Claims could be construed as a motion for

reconsideration of the Claims, the State has failed to demonstrate "cause" for reconsideration.

Significantly, the State has not provided the Court with any newly discovered evidence or case law in support of the Amended Claims.

Furthermore, the State has not demonstrated that its conduct in failing to prosecute the Claims represented "excusable neglect". In determining whether the State has demonstrated "excusable neglect", the Court is guided by the Supreme Court's analysis of "excusable neglect" within the analogous context of Fed.R.Bankr.P. 9006(b). In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* the Supreme Court instructed bankruptcy courts to balance the equities in determining whether a party's conduct constitutes "excusable neglect". *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993).

Factors which a court should consider in making this equitable determination include:

[1.] the danger of prejudice to the [opposing party],

[2.] the length of the delay and its potential impact on the judicial proceedings,

[3.] the reason for the delay, including whether it was within the reasonable control of the movant,

[4.] and whether the movant acts in good faith.

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498 (citation omitted).

The Court finds that the equities do not favor reconsidering the Claims.

First, reconsidering the Claims would further delay the DIP's reorganization. The Court has previously confirmed the DIP's plan of reorganization. Second, at this stage in the administration of the estate, it would be manifestly inequitable to require other creditors who have diligently prosecuted their claims to await the disposition of the Amended Claims. These creditors have relied upon the fact that the Claims were denied in approving Freightway's plan of reorganization. Third, appearance at the pretrial conference was clearly within the State's reasonable control. Moreover, the State has not demonstrated that its failure to take any action subsequent to the Order and prior to the filing of the Amended Claims was "excusable". The Court cannot conclude that the State has acted in bad faith. Nevertheless, in balancing the above factors, the Court concludes that the State has failed to meet its burden of demonstrating "excusable neglect". *C.f. United States v. RG & B Contractors, Inc.,* 21 F.3d 952 (9th Cir.1994) (the fact that movant overlooked certain invoices in its files did not represent "excusable neglect" under Rule 60(b)); *Harlow Fay, Inc. v. Fed. Land Bank of St. Louis (In re Harlow Fay, Inc.),* 993 F.2d 1351 (8th Cir.1993) (extension of time for "excusable neglect" not warranted where debtor attempted to file untimely modification of its chapter 11 plan one week late and excuse advanced by debtor's counsel was that late filing was caused by counsel's reduction in staff because of financial problems and continuing problems due to firm's relocation), *cert. denied,* —— U.S. ——, 114 S.Ct. 87, 126 L.Ed.2d 55 (1993).

In light of the foregoing, it is therefore

ORDERED that the DIP's objection to the State's amended priority proof of claim and amended secured proof of claim be, and it hereby is, sustained.