In re Brian L. LYMAN, Debtor.

PDS Engineering & Construction, Inc., Plaintiff,

v.

Link Corporation, Hale Corporation and Brian L. Lyman, individually, Defendants.

Bankruptcy No. 97–24224.
Adversary No. 97–2186.

United States Bankruptcy Court,
D. Connecticut.

Oct. 10, 2000.

Lawrence G. Rosenthal, Rogin, Nassau, Caplan, Lassman & Hirtle, LLC, Hartford, CT, for plaintiff.

David M.S. Shaiken, Hartford, CT, for debtor-defendant.

### RULING ON PLAINTIFF'S MOTION TO RECONSIDER JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

ISSUE

The court on August 2, 2000 ("the Ruling") granted the motion of Brian L. Lyman ("the debtor") for summary judgment in this adversary proceeding brought by PDS Engineering & Construction, Inc.

("PDS") to determine dischargeability of a debt under Bankruptcy Code §§ 523(a)(2) and 523(a)(6). Because PDS had failed to file a statement of disputed facts in accordance with D.Conn.L.Civ.R. 9(c)2 [1], the court deemed admitted the factual allegations in the debtor's Local Rule 9(c)1 Statement of undisputed facts. PDS, on August 11, 2000, filed the instant motion to reconsider. PDS alleges that it did not receive a copy of the debtor's reply brief which raised the issue of the Local Rule 9(c)2 Statement, and thus was oblivious to the requirement.[2] PDS submitted a document titled "Statement of Facts in Dispute" with its motion, and an "Amended Statement of Facts in Dispute" with its reply brief on September 15, 2000.

## II.

## DISCUSSION

### A. *Excusable Neglect*

PDS brings its motion for reconsideration pursuant to Fed.R.Civ.P. 60(b)(1),[3] made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 9024, and D.Conn.L.Civ.R. 9(e)[4], made applicable in bankruptcy proceedings by D.Conn. LBR 1001–1, claiming that its failure to submit the statement required under D.Conn. L.Civ.R. 9(c)2 was attributable to excusable neglect—the mistake or inadvertence of its counsel. At the outset, the court notes that PDS is accountable for the acts and omissions of its counsel. *See Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 397, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993) ("Pioneer"). The Supreme Court, in *Pioneer,* held that the determination of what sorts of neglect will be considered excusable is "... an equitable one, taking account of all relevant circumstances surrounding the omission. These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reason-

---

1. D.Conn.L.Civ.R. 9(c) provides:

   ...

   (c) Motions for Summary Judgment.

   1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 9(c)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 9(c)2.

   2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 9(c)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 9(c)2 Statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

   3. The statements referred to above shall be in addition to the material required by these Local Rules and the Federal Rules of Civil Procedure.

2. PDS does not dispute that the brief was timely, and properly mailed to it by the debtor.

3. Fed.R.Civ.P. 60 provides in relevant part:

   Rule 60. Relief From Judgment or Order

   ...

   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ....

4. D.Conn.L.Civ.R. 9(e) provides:

   (e) Motions for Reconsideration.

   1. Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

   2. In all other respects, motions for reconsideration shall proceed in accordance with Rule 9(a) of these Local Rules.

able control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489. Under the circumstances of this proceeding, the court finds that PDS's failure to comply with D.Conn.L.Civ.R. 9(c)2 was a good faith mistake and that the prejudice to the debtor from granting the motion consists primarily of the costs and fees associated with the delay and reargument of the issues. Despite the presence of such factors in PDS's favor, the scales are decidedly tipped against granting the motion for reconsideration. PDS had more than two years from the submission of the debtor's motion for summary judgment to the date PDS's Rule 9(c)2 Statement was due to read and comply with the pertinent rules. Even more significant than the length of the delay and the effect of further delays on the judicial proceedings, however, is the reason for the delay. Although PDS argues that it did not receive a timely copy of the debtor's reply brief, which referred to PDS's failure to submit a Rule 9(c)2 Statement, it is the responsibility of PDS and its counsel to be familiar with the rules of procedure; the debtor is not responsible for informing his adversary of the rules.

■■ It is well established that counsel's ignorance of the rules of procedure generally will not justify reconsideration of a judgment. "Pioneer noted that inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute excusable neglect.... [F]ailure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.... [W]here counsel failed to offer a persuasive justification for failing to comply with ... local court rules, there was no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.... Where ... the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir.1997) (citations and internal quotation marks omitted); *see also Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) ("As this court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. Counsel's lack of familiarity with federal procedure is not an acceptable excuse.") (citations and internal quotation marks omitted).

The court concludes that PDS has not established the requisite excusable neglect for its failure to comply with the requirements of D.Conn.L.Civ.R. 9(c)2, and its motion for reconsideration is, therefore, denied. The court will, nevertheless, comment upon the other issues raised by PDS's motion.

### B. PDS's Amended Statement of Facts in Dispute

■ Although PDS has twice revised the format of its statement of disputed facts, the amended statement still fails to comply with the requirements of D.Conn. L.Civ.R. 9(c)2. Like the earlier submissions, the amended statement does not specifically admit or deny the allegations of each paragraph of the debtor's statement and it does not indicate any material facts as to which there is a triable dispute.

### C. Substantive Issues of the Ruling

■ Even if the court were to accept PDS's amended statement, the amended statement fails to dispute any material facts. In Part III of its Ruling, the court set forth in detail the facts it deemed admitted. PDS does not dispute the existence, validity, dates or amounts of any of the transactions stated therein. The only statement in Part III which PDS disputes is that, "The debtor made no representation to PDS about his personal financial condition when he executed the second mortgage." (Ruling at 6.) PDS alleges that the debtor orally represented that the taxes and mortgage payments on the house were current and "represented to

PDS by showing an appraisal of the residence that the value of the property exceeded the current mortgage by the approximate amount of the debt." (PDS Facts at 15.) As noted in the Ruling, to be actionable under § 523(a)(2)(B), a statement about the debtor's financial condition must be "in writing." The truth or falsity of PDS's allegations concerning the debtor's oral representations, therefore, does not affect the dischargeability of the indebtedness. Any dispute as to such oral representations, therefore, is not material.

■ The court considers only whether PDS's allegations regarding an appraisal would alter the conclusions of the Ruling. The court concludes that they do not. The elements of § 523(a)(2)(B) require "a statement in writing (1) that is materially false." Neither PDS's statement of facts in dispute nor the affidavit cited to support the statements about an appraisal allege that such appraisal contained any misrepresentation. Accordingly, even if the court were to accept PDS's statement regarding an appraisal as true, it would not support a finding of nondischargeability under § 523(a)(2)(B).

■ Similarly, PDS's amended statement does not dispute any of the factual allegations relied on by the court in ruling that "there is no basis for finding the debtor obligated for the Link debt, let alone for a nondischargeability debt under § 523(a)(6)," for "willful and malicious injury." (Ruling at 9.) As discussed in the Ruling, PDS's allegation that Link, at the direction of the debtor, transferred assets to the detriment of PDS is unsupported, since the uncontroverted facts establish that any property transferred was fully encumbered by creditors whose liens were perfected long before PDS filed a mechanic's lien on the Link property. The transfers of property, therefore, caused no injury at all, malicious or otherwise, to PDS.

Because PDS's amended statement alleges no facts that would alter the court's prior decision to grant the debtor's motion for summary judgment, PDS has raised no dispute as to any *material* fact.

### III.

### CONCLUSION

In accordance with the foregoing discussion, the court concludes that PDS's failure to comply with the requirements of D.Conn.L.Civ.R. 9(c)2 was not excusable neglect, and that the PDS's motion for reconsideration of this court's August 2, 2000, grant of summary judgment for the debtor, is hereby denied. The court also concludes that the motion is not sustainable in any event. It is

SO ORDERED.