**In re THE STERLING RUBBER PRODUCTS COMPANY,**
Debtor.

No. 03–40549.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 25, 2004.

Lawrence T. Burick, Charles D. Shook, Dayton, OH, for debtor.

Timothy R. Dodd, Evansville, IN, Robert R. Faulkner, Evansville, IN, Arthur R. Hollencamp, Dayton, OH, for creditor.

Mary Anne Wilsbacher, U.S. Trustee Office, Columbus, OH, U.S. Trustee.

LAWRENCE S. WALTER, Bankruptcy Judge.

## DECISION OF THE COURT:

1) **DENYING SPENCER CENTRAL DEVELOPERS, LLC'S MOTION TO HAVE PROOF OF CLAIM DEEMED TO BE TIMELY FILED**

–AND–

2) **DENYING SPENCER CENTRAL DEVELOPERS, LLC'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024**

This matter is before the court on the following filings of record: Creditor Spencer Central Developers, LLC's Motion to Have Proof of Claim Deemed to be Timely Filed and Response to Debtor's and Debtor–in–Possession's Remaining Objections of Record [Doc. 128]; Spencer Central Developers, LLC's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Bankruptcy Procedure 9024 [Doc. 132]; Spencer Central Developers, LLC's Response to Debtor's and Debtor–in–Possession's Objections of Record [Doc. 134]; Objection of Debtor and Debtor in Possession, the Sterling Rubber Products Company, to the Motion of Spencer Central Developers, LLC for Relief from Judgment or Order Pursuant to Federal Rule of Bankruptcy Procedure 9024 [Doc. 140]; Reply of Debtor and Debtor in Possession, the Sterling Rubber Products Company, to Response of Spencer Central Developers, LLC to Debtors' and Debtor–in–Possession's Objections of Record [Doc. 142]; and Objection of Debtor and Debtor in Possession, the Sterling

Rubber Products Company, to Motion Filed by Spencer Central Developers, LLC to Have Proof of Claim Deemed to be Timely Filed and Response to Debtor's and Debtor–in–Possession's Remaining Objections of Record [Doc. 144].

Creditor Spencer Central Developers, LLC ("SCD") filed its motions for relief from judgment and to have its claim deemed timely filed in response to the court's Order Sustaining Objection of Debtor and Debtor in Possession, the Sterling Rubber Products Company, to Proof of Claim of Spencer Central Developers, LLC and Disallowing Claim for All Purposes [Doc. 122]. The court order was entered after SCD failed to file a timely response to Debtor Sterling Rubber Products Company's objection to SCD's proof of claim [Doc. 105].

The court held a hearing on SCD's motions and the Debtor's responses and objections on August 5, 2004. The following constitutes the courts findings of fact and conclusions of law.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2004, Creditor SCD filed its proof of claim in this bankruptcy case in the amount of $256,238.33 based on a prepetition judgment and a claim for attorney fees. [Proof of Claim # 98.] The proof of claim was filed on April 15, 2004 which was one day after the April 14, 2004 bar date set by court order for the filing of proofs of claim in this Chapter 11 bankruptcy case. [Doc. 62, Order Fixing Proof of Claims Bar Date.] A Notice of Last Day to File Proofs of Claim [Doc. 64] was sent to all creditors providing the bar date of April 14, 2004 and this notice:

Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claims [sic.] is not listed at all or if your claim is listed as disput-

ed, contingent, or unliquidated, then you must file a Proof of Claim by the deadline listed above or you may not be paid any money on your claims against the debtor in the bankruptcy case.

SCD's claim was scheduled as "disputed" and SCD acknowledges that it was required by the language of the notice to file its claim by April 14, 2004.

Because SCD filed its proof of claim one day after the deadline, the Debtor filed an objection to SCD's proof of claim with a notice of objection. [Doc. 105.] In the objection, the Debtor argued that the claim should be disallowed in full for two reasons: 1) for the untimely filing of the claim; and 2) for substantive reasons based on a Release Agreement with an entity related to the Debtor that, the Debtor argues, releases the Debtor from liability for SCD's claims against it. Furthermore, the Debtor asserted that, if the claim were to be allowed, it should be reduced by the $32,616.29 in attorney fees requested by SCD because no attorney fee award was ever granted to SCD in any court.

On the final page of the Debtor's objection, below the certificate of service, the Debtor includes what is titled as a "Notice of Objection to Claim." [Doc. 105, p. 9.] The notice is highlighted by a text box (a lined border framing the text), and certain salient language is bolded and underlined. *Id.* The notice includes the following language:

### NOTICE OF OBJECTION TO CLAIM

Debtor and Debtor in Possession, The Sterling Rubber Products Company ("SRP"), has filed an objection to your claim in this bankruptcy case.

***Your claim may be reduced, modified or eliminated.*** **You should read these papers carefully and discuss**

**them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before **June 2, 2004**, you or your attorney must file with the court a written response to the objections, explaining your position, at the Clerk's Office, United State [sic.] Bankruptcy Court for the Southern District of Ohio, Dayton Office, 120 W. Third Street, Dayton, Ohio 45402.

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

You must also mail a copy to Lawrence T. Burick, Esq., Thompson Hine LLP, 2000 Courthouse Plaza, N.E., Dayton, Ohio 45402.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

*Id.* (emphasis, including bold and underlining, is part of the text of the actual notice). The Debtor's objection to SCD's proof of claim and notice were served by regular mail on SCD's attorney, and filed with the court, on May 3, 2004. *Id.*

SCD did not file a response to the Debtor's objection within the time period proscribed in the notice and the pertinent Local Bankruptcy Rule. Following the expiration of the deadline for SCD to file a response to the Debtor's objection, the court entered an order on June 7, 2004 noting that no response to the Debtor's objection had been filed and disallowing SCD's claim in full. [Doc. 122.]

On June 14, 2004, SCD filed its Motion to Have Proof of Claim Deemed to Be Timely Filed [Doc. 128] and, subsequently, a Motion for Relief from Judgment or Order [Doc. 132]. The court held a hearing to consider the motions and Debtor responses on August 5, 2004.

At the hearing, the Debtor did not dispute the evidence establishing that SCD timely prepared and sent its proof of claim to the bankruptcy court on April 13, 2004, one day prior to the deadline. [Doc. 128, Exs. A and B.] SCD sent the parcel using the U.S. Postal Service's guaranteed overnight delivery. *Id.* A tracking notice from the U.S. Postal Service confirms that while the proof of claim was accepted by the postal service for overnight delivery on April 13, 2004, the parcel did not arrive at the bankruptcy court until April 15, 2004, one day beyond the deadline and the guaranteed delivery date. *Id.* SCD argues that its proof of claim should be deemed timely filed because the circumstances leading to the untimely filing were outside of SCD's control.

With respect to SCD's failure to file a response to the Debtors' objection to the proof of claim, SCD's attorneys stated that they did not read the deadline in the notice attached to the Debtor's objection because it was inconspicuously placed after the certificate of service. [Doc. 105, p. 9.] Consequently, they did not realize that a response to the objection was necessary until after the deadline had passed. Furthermore, they argue that the language of the notice is vague and suggests that SCD's response to the Debtor's objection was permissive rather than mandatory. SCD's attorneys assert that they mistakenly believed the court would hold a hearing on the Debtor's objection whether or not they responded. Consequently, they were surprised by the court order granting the Debtor's objection, and disallowing the claim. They then filed a motion to have the proof of claim deemed timely filed and a motion for relief from the order granting the Debtor's objection.

## LEGAL ANALYSIS

■ Creditor SCD requests that the court reconsider the order disallowing SCD's claim and deem the proof of claim timely filed. Pursuant to 11 U.S.C. § 502(j) and Fed. R. Bankr.P. 3008, with proper notice and hearing, a court may reconsider the disallowance of a claim "for cause" and "according to the equities of the case." 11 U.S.C. § 502(j); Fed. R. Bankr.P. 3008. *See also Neal Mitchell Associates v. Braunstein (In re Lambeth Corp.)*, 227 B.R. 1, 7 (1st Cir. BAP 1998). The court exercises broad discretion in its determination to reconsider a disallowed claim under § 502(j). *Lambeth*, 227 B.R. at 7, n. 10.

SCD would like the court to determine that cause exists to deem the claim timely filed because SCD filed its proof of claim only one day late and the untimeliness of the filing was caused by the postal service, a circumstance arguably outside of the creditor's control. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (noting that a court may accept a late filed proof of claim under the "excusable neglect" standard of Fed. R. Bankr.P. 9006 when the late filing was caused by inadvertence or mistake as well as circumstances outside the creditor's control).

However, before the court can reach the issue of the untimely filing of SCD's proof of claim, the court must consider the exacerbating failure of SCD to respond to the Debtor's objection to the proof of claim. The Debtor filed its objection based on both SCD's untimely filing of the claim as well as for substantive reasons including that a portion of the claim was for attorney fees in the state court matter that SCD had never been awarded and that a release agreement waives the Debtor's liability. It is SCD's failure to respond to the Debtor's objection, rather than the untimeliness of the proof of claim itself, that led the court to enter an order disallowing the claim under Local Bankruptcy Rule ("LBR") 3007–1(c) and (d).

SCD requests relief from the default order disallowing its claim following its failure to respond to the objection pursuant to Fed. R. Bankr.P. 9024 making the provisions of Fed.R.Civ.P. 60(b) applicable in bankruptcy proceedings.[1] This rule allows the court to grant a party relief from a final order or judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

■ In *Pioneer*, the Supreme Court reviewed the meaning of the term "excusable neglect" in the context of Chapter 11 bankruptcies and the bankruptcy rules. 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The court concluded that the term, in this context, is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489 (further citations omitted). In the final analysis, the Supreme Court concluded that the process of determining what types of neglect are considered excusable, "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. The Supreme Court established several nonexclusive factors to consider in this analysis: 1) the

---

1. There are some limitations to the applicability of Rule 60(b) in bankruptcy proceedings including that the one year limitation on bringing the motion for reconsideration is not applicable to reconsideration of orders disallowing claims entered without a contest. Fed. R. Bankr.P. 9024. The court concludes that none of the limitations is relevant to its analysis.

danger of prejudice to the debtor; 2) the reason for the delay including whether it was within the reasonable control of the movant; 3) the length of the delay and its potential impact on the judicial proceedings; and 4) whether the movant acted in good faith. *Id.*

The Supreme Court further specified one factor that should *not* be considered by the court—the appropriateness of penalizing a party for its attorney's omission or mistake. *Id.* at 396, 113 S.Ct. 1489. Instead, the Court recognized that clients must be held accountable for the acts and omissions of their attorneys. *Id.* (noting that "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent"). Related to that is the Supreme Court's acknowledgement that while the concept of "excusable neglect" may include mistakes and carelessness, it does not generally extend to an attorney's "inadvertence, ignorance of the rules, or mistakes construing the rules . . . ." *Id.* at 392, 113 S.Ct. 1489. Nor in assessing the culpability of the attorney in missing a bar date did the court give much weight to the fact that the attorney experienced upheaval in his law practice at the time the deadline was missed. *Id.* at 398, 113 S.Ct. 1489.

In reviewing the factors considered determinative by the Supreme Court, this court has concluded that only one factor supports SCD's request for reconsideration. Most of the other factors, especially the reasons for SCD's delay, demonstrate that SCD's actions do not amount to excusable neglect. Consequently, SCD's request for reconsideration must be denied.

## A. Danger of Prejudice

The first factor the court considers under *Pioneer* is the danger of prejudice to the Debtor caused by SCD's neglect. *Id.*

at 395, 113 S.Ct. 1489. The court concludes that, beyond the expense of litigating this matter, the Debtor has not faced significant prejudice because of SCD's failure to respond to the objection. The Debtor has not filed a plan of reorganization in reliance on the disallowance of the claim nor have creditors relied on the disallowance in voting on a plan of reorganization. *See In re Freightway Corp.,* 171 B.R. 41, 43 (Bankr.N.D.Ohio 1994); *In re Waggoner,* 157 B.R. 433, 436 (Bankr. E.D.Ark.1993). The lack of prejudice to the Debtor supports granting SCD reconsideration of the order disallowing its claim.

## B. Reason for the Delay

Next, the court turns to the factor considered by many circuits to be preeminent in the *Pioneer* analysis, the reason for the delay. *See In re Kmart Corp.,* 381 F.3d 709, 715 (7th Cir.2004); *United States v. Torres,* 372 F.3d 1159, 1163 (10th Cir. 2004) (noting that fault in the delay remains, "perhaps the most important single factor—in determining whether neglect is excusable"); *Graphic Communications International Union, Local 12–N v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir.2001) (stating that while *Pioneer* provides a more forgiving standard for excusable neglect than prior case law, "there still must be a satisfactory explanation for the late filing" and "the excuse given for the late filing must have the greatest import"); *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463 (8th Cir. 2000); *Allied Domecq Retailing USA v. Schultz (In re Schultz),* 254 B.R. 149, 153 (6th Cir.BAP2000) (noting that courts addressing excusable neglect in the context of filing an untimely notice of appeal have focused on the reason for the delay).

SCD acknowledges receiving the Debtor's objection in a timely fashion. SCD

provides only two bases for its failure to respond to the objection: 1) the notice of the deadline provided in the Debtor's objection was inconspicuously placed at the end of the objection below the certificate of service; and 2) the language of the notice was vague and, if read, would not have provided SCD with clear notice that its claim would be disallowed absent a response to the objection. The court concludes that neither of these reasons for SCD's delay constitutes excusable neglect.

SCD argues that it did not read the inconspicuously placed notice containing the thirty day response deadline. While SCD is correct that the notice was placed at the end of the Debtor's objection after the certificate of service, the notice was referred to in the caption of the Debtor's objection. [Doc. 105.] Moreover, except for its placement at the end of the objection, the notice was otherwise emphasized. The notice was highlighted by placement in a text box and was titled in bold and underlined letters, *"NOTICE OF OBJECTION TO CLAIM."* [*Id.*, p. 9.] Certain lines within the notice were also highlighted, including the words *"Your claim may be reduced, modified or eliminated"* and the date by which the response must be filed, **"June 2, 2004."** *Id.* Furthermore, the Debtor's inclusion of the notice comports with the requirements of LBR 3007–1(b). Consequently, the court rejects SCD's argument that the notice was inconspicuous.

■ SCD's argument suggests that it should not have to page through an entire document to determine its deadline for response. The court disagrees. In many instances, a movant is not required to provide an opponent with any notice of the deadline for a response. *See PDS Engineering & Construction, Inc. v. Link Corp.*

*(In re Lyman)*, 254 B.R. 517, 519–20 (Bankr.D.Conn.2000) (noting that counsel should not rely on counsel's adversary to provide information on the relevant procedural rules). Instead, the opponent is charged with knowledge of the applicable rules and statutes. *Id.* In this case the applicable rule is LBR 3007–1(c) and (d) which makes clear the need for the creditor to timely respond to an objection in order to preserve the creditor's claim.[2] This local rule is prominently labeled "CLAIMS—OBJECTIONS" and its language states, in pertinent part:

> (c) **Response.** The claimant whose claim is the subject of a filed objection shall file a response to the objection and serve a copy thereof as directed by the notice not later than thirty (30) days after service of the objection. Any response shall state clearly in its caption the objection to which it is responding.

> (d) **Failure to Respond.** If a claimant fails to file a timely response to an objection, the claimant shall be deemed to have waived any objection to the relief sought and the objecting party shall submit an appropriate order.

LBR 3007–1. SCD did not provide a reason for failing to read and follow the court's local rule and, as stated previously, neither ignorance nor a misconstruction of a procedural rule constitutes excusable neglect. *See Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489; *McCurry v. Adventist Health System / Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir.2002) (party was not entitled to relief from judgment under Rule 60(b) because the attorney's misinterpretation of the law or a strategic miscalculation does not constitute mistake justifying a second bite of the apple); *HML II, Inc. v. Ginley (In re HML II, Inc.)*, 234 B.R. 67, 71–2

---

**2.** LBR 3007–1 derives from Fed. R. Bankr.P. 3007 and its requirement that service of a claim objection occur at least thirty (30) days prior to any hearing.

(6th Cir. BAP 1999), *aff'd*, 215 F.3d 1326 (Table), 2000 WL 659140 (6th Cir. May 11, 2000) (holding that counsel's unfamiliarity with bankruptcy procedure does not constitute excusable neglect where counsel misread the deadline for filing an appeal under Fed. R. Bankr.P. 8002); *Marks Management Corp. v. Reliant Manufacturing, Inc.*, 268 B.R. 505, 514–15 (E.D.Mich.2001), *aff'd*, 74 Fed.Appx. 493, 2003 WL 21995438 (6th Cir. Aug.18, 2003) (noting that a failure to respond to a motion for summary judgment by the deadline set by the local bankruptcy rules, leading the court to grant the unopposed motion, did not constitute excusable neglect); *Artificial Intelligence Corp. v. Casey (In re Casey)*, 198 B.R. 918, 924–25 (Bankr.S.D.Cal.1996) (noting that a mistake in interpreting and applying local and federal rules is not excusable neglect).

Finally, the court turns to SCD's argument that, had the creditor read the notice, the vague language of the notice did not make clear the need for SCD to respond to the Debtor's objection to preserve its claim. Specifically, SCD argues that the inclusion of the word "may" in the Debtor's notice suggests that filing a response to the objection was optional and that a failure to respond would not lead the court to disallow the claim without further hearing. The court disagrees with this contention.

The language of the Debtor's notice comports with the language of Official Bankruptcy Form 20B promulgated by the Judicial Conference of the United States under the authority granted in Fed. R. Bankr.P. 9009. Official Form 20B, to be used by parties to provide notice to creditors of an objection to claim, includes the word "may" in only one location, where the official form notes, in bold and underlined terms, *"**Your claim may be reduced, modified or eliminated.**"* Official Form 20B.

However, the word "may" used in this phrase refers to the court's discretion in the actions it may take against the creditor's claim rather than the discretion of the creditor to respond to the objection. Regarding the necessity of a creditor to respond to the objection to preserve its claim, the official form states:

> If you do not want the court to eliminate or change your claim, then on or before *(date)*, you or you lawyer must:
>
> > {If required by local rule or court order.}
> >
> > File with the court a written response to the objection, explaining your position at
> >
> > {address of bankruptcy clerk's office}
> >
> > . . . .
>
> If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

*See* Official Form 20B. The language of Official Form 20B, and the identical language of the Debtor's notice, clearly state that a creditor *must* respond to an objection to its claim or the court *may* reduce, modify or eliminate the claim. In fact, the purpose of the language of Official Form 20B, and the identical language of the Debtor's notice, is to provide creditors with:

> . . . a uniform, plain English explanation of what they must do to respond to objections to their claims . . . . The form is intended to make it clear to creditors that the court may eliminate or change their claims unless they take the specified steps to oppose the objections.

*See* Official Form 20B Instructions.

It is apparent that SCD's only basis for reconsideration of the order disallowing its claim is the failure of its counsel to read the notice and pertinent procedural rule

establishing the deadline for responding to an objection to claim. The court concludes that neither of these reasons for delay constitutes excusable neglect. *See Vaughan v. Mortgage Lenders Network (In re Bradbury)*, 310 B.R. 313, 319 (Bankr.N.D.Ohio 2003) (noting that the need for the neglect to be "excusable" under *Pioneer* is to deter creditors or other parties from freely ignoring court ordered deadlines in the hope of winning a permissive reprieve under the procedural rules).

■ Even if this court were to ignore SCD's conduct in failing to respond to the claim objection and instead analyzed only SCD's fault in filing its proof of claim one day late, SCD's actions still fall short of excusable neglect. Considering the magnitude of SCD's claim and SCD's knowledge of this bankruptcy case from its inception, it is difficult to justify SCD's waiting until the last possible moment to transmit the claim via the U.S. Mail. This bankruptcy case was filed December 4, 2003. Notice of the claims bar date was served on all creditors on January 24, 2004. SCD has supplied no reason for waiting until April 13, 2004, the day before the bar date, to mail its proof of claim.

Once the package was mailed, SCD argues that the matter was beyond its control. But, SCD could have tried to track the shipment or at least called the clerk's office to ensure that the claim had been received. If delivery on the final day was in doubt, SCD could have faxed a duplicate claim to local counsel in Dayton who could have hand-delivered the claim to the clerk's office for filing. In the alternative,

SCD might have sent a duplicate claim by courier or even had one or its agents or attorneys make the trip to Dayton to ensure timely filing. The bankruptcy court was Electronic Case Filing ("ECF") compliant, so counsel for SCD could also have instantaneously · filed a motion on the claims bar date requesting a one or two day extension of the bar date and explaining the situation as contemplated by Fed. R. Bankr.P. 9006(b). At a minimum, SCD might have checked with the court by telephone or on PACER [3] the day after the filing deadline to ascertain whether the claim was filed and, having discovered the late filing, could have then filed its motion to file its claim out of time. In fact, SCD did none of these things and instead waited until 60 days had passed, an objection to the claim had been filed, and the court had entered an order disallowing the claim. While the neglect is quite apparent here, the excuse for it is not.

### C. Length of the Delay

Another relevant factor under the *Pioneer* analysis is the length of the delay and, in this case, the court considers it significant. If the court focused on the length of delay for SCD to respond to the Debtor's objection, the length could have been infinite. SCD erroneously believed it had no responsibility to respond during the thirty-day objection period, expecting the court to protect SCD's rights by holding a hearing on the objection regardless of whether or not SCD filed a response. SCD has provided no basis for this belief and it is contrary to the clear language of LBR 3007–1 and customary practice in bankruptcy court.[4] Without any articulat-

---

3. PACER is an acronym that stands for Public Access to Court Electronic Records. This computerized service, provided by the U.S. Judiciary, is designed to make official case

and docket information from the federal courts available to the public electronically.

4. Bankruptcy Code Section 102 provides the rules of construction used to construe both

ed basis for SCD's erroneous belief, SCD's delay beyond the thirty-day period provided for response by local rule is patently unreasonable.

SCD urges the court to focus on its short one-day delay in filing its claim on April 15, 2004. However, following the late filing, even upon receipt of an objection to its claim, SCD took no action to ensure that its untimely claim was deemed allowed. It was only after the court's order disallowing the claim that SCD finally requested judicial relief. SCD took no action until sixty (60) days following the original bar date when SCD submitted its motion to have its claim deemed timely filed on June 14, 2004. The court considers sixty (60) days a significant delay before taking action, especially under these circumstances where the claim is filed at the last minute with the attendant risk of late filing. *See Kmart Corp.*, 381 F.3d at 714 (noting that the bankruptcy court was "well within its province" to consider the creditor's eighty-one day delay in requesting judicial relief under Fed. R. Bankr.P. 9006 rather than the fact that the proof of claim itself was only filed one day past the bar date).

### D. Good Faith

Finally, the court turns to the issue of the creditor's good faith. Although not significantly questioned by the Debtor, the failure of SCD to file a proof of claim "until the proverbial 'eleventh hour'" and a significant delay prior to seeking judicial relief shows a lack of diligence if not good faith. *Id.* at 715–16 (noting that the creditor's failure to send the proof of claim until the day prior to the bar date, failure to

follow up with the claims processing agency and then, following the discovery of the untimeliness of the filing, failure to seek judicial relief for over a month shows a lack of diligence and not a strong showing of good faith). Nonetheless, as the Debtor did not question the creditor's good faith, the court finds that this factor neither supports nor undercuts the court's final determination. *Id.*

### CONCLUSION

The court understands the significance of this matter to both the Debtor and to SCD because of the dollar amount of the judgment forming the basis of SCD's claim. The court concludes that to receive relief from the order disallowing its claim, SCD was required to demonstrate some excusable neglect for failing to respond to the Debtor's objection beyond a failure to read the attached notice or to become familiar with the applicable Local Bankruptcy Rules and bankruptcy procedure. SCD was unable to demonstrate that its error amounts to excusable neglect. After reviewing all relevant factors, the court holds that SCD is not entitled to relief from the order disallowing its claim.

**WHEREFORE**, the court **denies** Creditor Spencer Central Developers, LLC's Motion to Have Proof of Claim Deemed to be Timely Filed [Doc. 128] and **denies** Creditor Spencer Central Developers, LLC's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Bankruptcy Procedure 9024 [Doc. 132].

**SO ORDERED.**

---

the statutes of the Bankruptcy Code as well as bankruptcy procedural rules. 11 U.S.C. § 102; Fed. R. Bankr.P. 9001. Pursuant to § 102, the phrase "after notice and hearing" or similar phrase is construed as authorizing

an act without an actual hearing if notice is proper and such hearing is not requested timely by a party in interest. 11 U.S.C. § 102(1).