*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0005n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: STERLING RUBBER PRODUCTS COMPANY, | ) ) ) |
| Debtor. | ) ) |
| _____ | ) |
| | ) |
| SPENCER CENTRAL DEVELOPERS, LLC, | ) ) |
| Appellant, | ) ) |
| v. | ) No. 04-8090 |
| | ) |
| STERLING RUBBER PRODUCTS COMPANY, | ) ) ) |
| Appellee. | ) ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division
Chapter 11 Case No. 03-40549

Submitted: November 9, 2005

Decided and Filed: February 15, 2006

Before: GREGG, LATTA, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Timothy R. Dodd, Evansville, Indiana, for Appellant. Lawrence T. Burick, Jennifer L. Maffett, THOMPSON HINE, Dayton, Ohio, for Appellee.

OPINION

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. Creditor Spencer Central Developers, LLC ("SCD"), appeals an order disallowing its claim because it failed to respond to the objection filed by Debtor Sterling Rubber Products Corp. ("Debtor"). SCD also appeals another order denying its motion for relief from the earlier order and denying a request that its proof of claim be deemed timely filed. For the reasons that follow, we conclude that the orders on appeal should be **AFFIRMED**.

## I. ISSUES ON APPEAL

The issues presented are whether the bankruptcy court erred in (1) sustaining the Debtor's objection to the allowance of SCD's claim, (2) denying SCD relief from the order disallowing its claim, and (3) denying SCD's motion for an order deeming its proof of claim to have been timely filed.

## II. JURISDICTION AND STANDARD OF REVIEW

An order disallowing a claim is a final order, *e.g.*, *Beneke Co. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999); *see Stearns Salt & Lumber Co. v. Hammond*, 217 F. 559, 564 (6th Cir. 1914), as is an order denying relief from a prior order, *e.g.*, *Patterson Dental Supply, Inc. v. Hochhauser (In re Hochhauser)*, No. 03-8024, slip op. at 2 (B.A.P. 6th Cir. Dec. 30, 2003) (citing *Peake v. First Nat'l Bank & Trust Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983)); *In re White Motor Corp.*, 65 B.R. 383, 390 (N.D. Ohio 1986), *aff'd*, 886 F.2d 1462 (6th Cir. 1989). Thus, the orders in question may both be appealed as of right. 28 U.S.C. §158(a)(1). The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel, and neither party has timely elected to have this appeal

heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). Accordingly, the Panel has jurisdiction to decide this appeal.

Insofar as the appellant asserts that the order disallowing its claim represents an error of law, the order is reviewed *de novo. E.g., Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 696 n.1 (6th Cir. 1999). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (quoting *Myers v. IRS (In re Myers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998) (quoting *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997), *aff'd*, 201 F.3d 693 (6th Cir. 1999)), *aff'd*, 196 F.3d 622 (6th Cir. 1999)). Insofar as the appellant challenges the order disallowing its claim on the basis of an error of fact, the order is reviewed for clear error. Fed. R. Bankr. P. 8013 & 7052; Fed. R. Civ. P. 52(a). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

The denial of a Rule 60(b) motion is reviewed for abuse of discretion. *E.g., Burrell v. Henderson*, – F.3d –, 2006 WL 59815 (6th Cir. Jan. 12, 2006); *Eglinton v. Loyer (In re G.A.D., Inc.)*, 340 F.3d 331, 334 (6th Cir. 2003) (citing *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957)). An abuse of discretion occurs when the Panel is left with "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Taylor v. United States Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984).

### III. FACTS

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio, Western Division, at Dayton. The Debtor's schedule of creditors holding unsecured nonpriority claims listed a debt to SCD in the

amount of $219,155.25 and indicated that the debt was disputed.  The bankruptcy court entered an order setting April 14, 2004, as the last day for filing proofs of claim and, on January 24, 2004, the court issued a notice of that deadline.  SCD does not dispute that it received a copy of that notice in due course.

SCD contends that, on April 13, 2004, it sent a proof of claim to the clerk by Express Mail, anticipating that the package would be delivered the next day.  However, the proof of claim was not delivered or filed until April 15, 2004.  On May 3, 2004, the Debtor filed an objection to SCD's claim, seeking its disallowance because, among other reasons, the proof of claim was untimely.  At the end of the objection, below the certificate of service, the Debtor inserted the following box:

---

### NOTICE OF OBJECTION TO CLAIM

Debtor and Debtor in Possession, The Sterling Rubber Products Company ("SRP"), has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified or eliminated.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before **June 2, 2004**, you or your lawyer must file with the court a written response to the objections [*sic*], explaining your position, at the Clerk's Office, United State [*sic*] Bankruptcy Court for the Southern District of Ohio, Dayton Office, 120 W. Third Street, Dayton, Ohio 45402.

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

You must also mail a copy to Lawrence T. Burick, Esq., Thompson Hine LLP, 2000 Courthouse Plaza, N.E., Dayton, Ohio  45402.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

---

SCD did not timely file a response to the objection by June 2, 2004.  On June 8, 2004, without holding a hearing, the bankruptcy court entered an order disallowing SCD's claim based

solely on the failure to respond. Counsel for SCD later admitted that they did not timely read the notice reproduced above, averring that the oversight occurred because the notice was placed at the end of the objection after the certificate of service. The attorney stated that the "notice was initially missed by our office" and acknowledged: "We have been lazy." (Appellant's App., at 314, 317.) An attorney in the office first saw the notice "seven days out" (*id.* at 342), after the deadline set in the notice for responding to the claim. Asserting that the language of the notice led them to conclude that the court would nevertheless hold a hearing on the objection whether or not a response was filed, counsel was surprised that the next event was receipt of the June 8 order disallowing SCD's claim instead of a notice of hearing on the Debtor's objection.

On June 14, 2004, SCD filed a motion seeking an order deeming its proof of claim to have been timely filed and responding to the Debtor's objection. On June 17, 2004, SCD filed a separate response to the objection, and a motion for relief from the order disallowing its claim. On October 25, 2004, the bankruptcy judge entered an order denying both of SCD's motions. *In re Sterling Rubber Prods. Co.*, 316 B.R. 485 (Bankr. S.D. Ohio 2004). SCD timely filed a notice of appeal on November 2, 2004.[1]

## IV. DISCUSSION

### A.    Order Disallowing Claim

The bankruptcy court's order disallowing SCD's claim was based solely on its failure to respond to the Debtor's objection. The court found that the notice of the objection complied with Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the Bankruptcy Court for the Southern District of Ohio (the "Local Rules"),

---

[1] The appeal was timely with respect to the June 8 order disallowing the claim, as well as the October 25 order, because Rule 8002(b)(4) of the Federal Rules of Bankruptcy Procedure provides that the time for appeal runs from the entry of an order disposing of a motion under Rule 9024 for relief from an earlier order if the motion was filed within 10 days after the entry of the earlier order and, in this case, the motion was filed within that 10-day period.

5

that the objection was properly served, that SCD did not timely respond, and that under Local Rule 3007-1 "SCD is deemed to have waived any objection to the relief sought in Debtor's Objection." SCD asserts, first, that the notice did not comply with Official Form 20B.[2]

Bankruptcy Rule 9009 provides that "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use." Official Form 20B is the form for notices of objections to claims. Comparison of the official form to the notice appearing on the Debtor's objection reveals that the title and text of the two are substantially identical, except that the Debtor's notice does not include the time and location of a hearing on the objection. That omission is consistent with the Local Rules, which provide for a hearing only if a response is timely filed: "The objection shall also include or be accompanied by the mandatory notice set forth in Official Form 20B (Notice of Objection to Claim) except that no hearing date need be set." Bankr. S.D. Ohio R. 3007-1(b). The committee note to Official Form 20B makes clear that this is the very sort of "appropriate alteration" authorized by Rule 9009: "These forms are not intended to dictate the specific procedures to be used by different bankruptcy courts. The forms contain optional language that can be used or adapted, depending on local procedures."

Section 502(b) of the Bankruptcy Code provides for the disallowance of claims "after notice and a hearing," and that phrase is defined as follows:

"after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

---

[2] SCD also contends that the caption does not comply with Bankruptcy Rule 1005. However, that rule by its own terms applies only to petitions and, although Rule 2002(n) makes Rule 1005 applicable to "every notice given under this rule," a notice of an objection to allowance of a claim is not one of the types of notice governed by Rule 2002. Fed. R. Bankr. P. 2002(a), (b), (e), (f).

> (B) authorizes an act without an actual hearing if such notice is given properly and if—

>> (i) such a hearing is not requested timely by a party in interest; or

>> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . .

11 U.S.C. § 102(1). The bankruptcy court was well within its authority in promulgating a local rule that provides for a hearing on objections to claims only if timely requested. Indeed, SCD does not suggest that the bankruptcy court was required to conduct a hearing or that the local rule mandates an improper deviation from Official Form 20B. Nor does SCD suggest that the title or text of the Debtor's notice is not otherwise substantially identical to the official form. Rather, it complains only that the Debtor's notice was not, unlike the official form, placed directly below the caption of the case. In other words, it is SCD's position that the notice must appear on a document separate from the objection or, at least, on a separate page with its own caption. However, Bankruptcy Rule 9009 explicitly provides that "[f]orms may be combined and their contents rearranged to permit economies in their use." That is precisely what the Debtor did: it combined the notice with the objection and rearranged the official form's contents by moving the body of the notice from directly below the caption to the end of the document.[3] Moreover, the sentence of Local Rule 3007-1 quoted above expressly provides that the objection must either "include or be accompanied by" the requisite notice.

SCD also contends that, even if the notice was sufficient (and even if its attorneys had read it when they received it), they would have concluded that a response was not required, because the notice indicated that the "claim *may* be reduced, modified or eliminated" and that, if the creditor or its attorney did not timely file a response, "the court *may* decide that you do not oppose the objection to your claim" (emphasis added).[4] This language comports with Official Form 20B. However, the

---

[3] For the same reason, SCD's complaint that the Debtor's attorney's signature does not appear immediately below the notice is not well taken.

[4] As the bankruptcy judge pointed out, the use of the word "may" signifies only that the court

(continued...)

7

notice also made it clear that, "[i]f you do not want the court to eliminate or change your claim, then on or before **June 2, 2004**, you or your lawyer *must* file with the court a written response to the objections" (emphasis added). Moreover, subdivisions (c) and (d) of Local Rule 3007-1 explicitly state that "[t]he claimant whose claim is the subject of a filed objection *shall* file a response to the objection and serve a copy thereof as directed by the notice not later than thirty (30) days after service of the objection" and that, "[i]f a claimant fails to file a timely response to an objection, the claimant *shall* be deemed to have waived any objection to the relief sought" (emphasis added). Lawyers are charged with knowledge of the applicable procedural rules and statutes. *See PDS Eng'g & Constr., Inc. v. Link Corp. (In re Lyman)*, 254 B.R. 517, 520 (Bankr. D. Conn. 2000). Particularly given Local Rule 3007-1, the consequences of failing to timely respond to the Debtor's objection should have been obvious to SCD's attorneys if they had read the notice. In the context of the entire notice and the Local Rule, use of the word "may" does not make the notice vague or misleading in any respect.

Moreover, as the bankruptcy court pointed out, the caption of the objection included a reference to the notice appearing at the end thereof, so the attorneys had no excuse for not reading the notice. The Debtor's notice complied with applicable rules of procedure and was reasonably calculated to apprise SCD of the objection and afford it a reasonable opportunity to respond and be heard. For those reasons and because SCD's claim was disallowed on the basis of its failure to respond to the objection, the bankruptcy court's order disallowing the claim does not represent error.

---

[4] (...continued)
has the discretion to overrule the objection. The notice makes clear, however, that, if the creditor fails to timely respond, the court may also exercise its discretion to sustain the objection. The notice gives no indication that a hearing will be scheduled whether or not a response is filed. Indeed, Local Rule 3007-1 specifically provides that the hearing time and location is to be omitted from Official Form 20B, which should have made it even clearer to SCD that no hearing would be scheduled absent a timely response.

**B.      Order Denying Relief From Order Disallowing Claim**

SCD's motion for relief from the order disallowing its claim was based on Bankruptcy Rule 9024, which makes Rule 60 of the Federal Rules of Civil Procedure applicable in bankruptcy cases. Where Rule 60(b) is invoked to set aside a default judgment, a trial court is directed to consider three equitable factors derived from Federal Rule of Civil Procedure 55 jurisprudence as to "good cause" for setting aside default entries: (1) whether plaintiff will be prejudiced if the judgment is vacated; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). In addition to considering the equitable factors enumerated in *United Coin Meter*, the court must also find that one of the specific requirements of Rule 60(b) is met. *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996).

SCD apparently relied on subdivision (b)(1) of Rule 60 for relief, which provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." In *Waifersong , Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992), the Sixth Circuit clarified application of the three *United Coin Meter* factors where a party seeks to vacate a default judgment under Rule 60(b)(1). Contrary to SCD's arguments emphasizing a lack of prejudice and a balancing of the equities, the three factors are not to be balanced. Rather, the party seeking to vacate the default judgment "must demonstrate first and foremost that the default did not result from his culpable conduct." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). The court must consider the other two *United Coin Meter* factors only if the moving party makes this showing. *Id.* (citing *Waifersong*, 976 F.2d at 292). On motions based on Rule 60(b)(1), the burden of demonstrating non-culpable conduct merges with and may be met by establishing the requirements of Rule 60(b)(1), specifically that the default was the product of mistake, inadvertence, surprise or excusable neglect. *Id.*; *Mfrs.' Indus. Relations Ass'n v. E. Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir. 1995) (citing *Waifersong*, 976 F.2d at 292).

SCD's motion for relief from the order reiterated the same arguments regarding the notice made in its belated response to the Debtor's objection to its claim. As explained above, the notice complied with applicable rules of procedure and therefore does not provide a basis for finding non-culpable conduct in failing to respond timely to the objection. Beyond SCD's arguments about the content and placement of the notice, the only other arguable basis for finding mistake or excusable neglect is counsel's acknowledged failure to timely read the notice. But failing to read a notice setting a deadline is not non-culpable conduct justifying relief from a party's failure to comply with the deadline. *E.g.*, *In re D'Amico*, Civ. A. No. 93-1429, 1993 WL 293293, at **2 (E.D. La. July 26, 1993), *aff'd*, 19 F.3d 15 (5th Cir. 1994). Moreover, the deadline for responding to an objection to a claim is separately established by local rule and "ignorance of the rules . . . do[es] not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1993); *see Marks Mgmt. Corp. v. Reliant Mfg. Inc.*, 268 B.R. 505, 524-25 (E.D. Mich. 2001), *aff'd*, 74 F. App'x 493, 2003 WL 21995438 (6th Cir. 2003) (failure to respond to a motion for summary judgment by the deadline set by the local bankruptcy rules, leading the court to grant the unopposed motion, did not constitute excusable neglect). SCD has not established that the default in responding to the Debtor's claim objection resulted from non-culpable conduct, making it unnecessary to analyze the other two *United Coin Meter* factors. The bankruptcy court did not abuse its discretion in denying SCD's motion for relief from the order disallowing its claim.

## C.     Order Denying Motion to Deem Claim Timely Filed

SCD argues that the bankruptcy court also erred in denying its motion to deem its claim timely filed because this case is similar to *Pioneer*, where the Supreme Court applied a balancing test and held that a late filed claim should be deemed timely filed under Bankruptcy Rule 9006(b)(1). But this case is different from *Pioneer*. SCD filed its claim late and then compounded that procedural problem by failing to respond timely to Debtor's objection. In contrast to *Pioneer*, the Debtor in this case had already filed an objection to SCD's claim and the objection had already been properly granted because of the failure to respond by the time SCD finally filed its motion to deem its claim timely filed under Bankruptcy Rule 9006(b)(1). Because SCD was not entitled to relief

from the order disallowing its claim, the bankruptcy court correctly held as a matter of law that whether SCD's proof of claim should be deemed timely under Rule 9006(b)(1) was moot. SCD's motion seeking that relief was thus also properly denied by the bankruptcy court.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order disallowing SCD's claim and its later order denying SCD's motion for relief from that order and SCD's motion to deem its claim timely filed are hereby **AFFIRMED**.